UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO.: 2:11-CV-353 |
| JENNA D. WHEELER, PATSIE A. RODRIGUEZ and GREGORIO V. RODRIGUEZ, | ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Sun Life Assurance Company of Canada ("Sun Life") filed an Interpleader Complaint and Request for Declaratory Judgment, [Doc. 1], seeking declaratory judgment to determine the proper beneficiary under the decedent's life insurance policy. On December 18, 2012, the Court granted Sun Life's motion to deposit the funds, less its attorneys' fees, into the Registry of this Court. Then on January 7, 2013, Claimant Jenna D. Wheeler answered and filed a Cross Claim [Doc. 11], alleging fraud by Patsie and Gregorio Rodriguez ("the Rodriguezes"). The Rodriguezes filed a letter in response, [Doc. 12]. On August 6, 2013, the Court dismissed Sun Life as a party to the case, and on the same day, the Court set the matter for trial.

The trial convened on November 12, 2013, at 9:00 a.m. Claimant Wheeler and her attorney were present. Claimants Patsie and Gregorio Rodriquez did not appear. Ms. Wheeler's attorney made a proffer to the Court on her fraud claim. The claim is premised on the following language from the Rodriguezes' letter dated December 28, 2012, which was filed with this Court. The pertinent portion states, "We could very well use the money but we will not take a

1

penny of his money if it would keep her [Ms. Wheeler] from getting the money." [Doc. 10, pg. 2].

Based on the record and the proffer, this Court FINDS that fifty percent of the benefits shall be awarded to Ms. Wheeler, twenty-five percent shall be awarded to Patsie Rodriguez and twenty-five percent shall be awarded to Gregorio Rodriguez. Regarding Claimant Wheeler's fraud claim, this Court finds, based on the proffer, the record, and the law governing such claims, that it is without merit. Therefore, that claim is dismissed.[1]

Now this Court must address the awarding of fees and costs. Under § 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)), the award of reasonable attorney fees is mandatory where a fiduciary has sued successfully to enforce an employer's obligation to make contributions to a multi-employer plan. However, in any other action under ERISA, this statute provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." ERISA § 502(g)(1) (29 U.S.C. § 1132(g)(1)) (emphasis supplied). There is no presumption as to whether attorney fees will be awarded. *See Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301-02 (6th Cir.1991).

In this Court's discretion, it finds that each party will bear their own costs and attorneys' fees. Nonetheless, the attorneys' fees paid to Sun Life will be paid by the Rodriguezes. In making this determination, the Court must apply the five-factor test for the award of attorney fees in an ERISA action, which include: (1) the opposing party's culpability or bad faith; (2) the opposing party's ability to pay; (3) the deterrent effect of an award; (4) whether the party requesting the fees sought to confer a common benefit or resolve significant legal issues regarding ERISA; and (5) the relative merits of the parties' positions. *Foltice v. Guardsman*

---

[1] A claim for attorney's fees is made by Ms. Wheeler based upon the fraud allegation. Considering that claim is dismissed, there will be no award of fees on that basis.

2

*Products, Inc.*, 98 F.3d 933, 936–37 (6th Cir.1996). These factors weigh in favor of making the Rodriguezes pay the insurance company's attorneys' fees.[2]

Finally, the Court now turns to Ms. Wheeler's request for attorney's fees. ERISA's fee-shifting section, like section 1988, provides that the party, not the attorney, is eligible for and receives the statutory award. 29 U.S.C. § 1132. Just as the party may receive an award of fees and costs, so may the party negotiate, waive, or settle that right. *Venegas v. Mitchell*, 495 U.S. 82, 87–89 (1990). Thus, a statutory award of fees, alone, does not invalidate a contract for attorney's fees in the form of a contingency fee. "Nonetheless, the court is obligated to assure that fees are 'reasonable.' This determination is committed to the sound discretion of the district court. The court is free to take into account prevailing market rates for comparable legal work, the amount of time reasonably necessary to accomplish tasks in the course of the litigation and the quality of representation provided by counsel." *Bemis v. Hogue*, 1991 WL 102385, at *7 (6th Cir. June 13, 1991).

Here, there was a contingency fee contract for one-third of the proceeds and Ms. Wheeler requests that the Court award her the additional amount of one-third of her recovery as attorney's fees. This Court finds, however, that for the small amount of work that was done on this case because of the lack of complexity of the issues and because of this case's procedural history, such an award by the Court would not be reasonable when one considers the actual amount that would be awarded. Furthermore, Ms. Wheeler's counsel failed to offer any evidence to this

---

[2] This Court notes that it could have also awarded fees as a sanction. A court may assess attorney's fees under its inherent powers "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotation marks omitted), or when the conduct is "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). The Court would apply a three-part test from *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997), to determine whether to impose sanctions under the bad faith standard. *BDT Prods.*, 602 F.3d at 752. This test requires the district court to find "[1] that 'the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment.' " *Id*. (quoting *Big Yank*, 125 F.3d at 313).

3

Court on how many hours she worked, her regular billing rate, the prevailing market rate for comparable work, etc. As such, no fee shall be awarded at this time.

It is therefore ordered that the Clerk pay to Ms. Wheeler the sum of twenty-two thousand ($22,000) dollars, one-half of the basic life insurance and accident benefits paid under Sun Life policy No. 202877. It is further ORDERED that the Clerk shall disburse the remaining funds one-half to Gregorio Rodriguez and one-half to Patsie Rodriquez (representing one fourth of the policy proceeds to Gregorio Rodriguez and one-fourth of the policy proceeds to Patsie Rodriquez, less attorney's fees and related expenses incurred by Sun Life attendant to the filing of this interpleader action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE